UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-cr-0058-JMS-DLP |
| | ) | |
| HOLLY MORGAN, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petitions") filed on April 21, 2022, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on May 10, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On May 10, 2022, defendant Holly Morgan appeared in person with her appointed counsel, Dominic Martin. The government appeared by Nick Linder, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Felecia Bain, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Ms. Morgan of her right to remain silent, her right to counsel, and her right to be advised of the charges against her. The court asked Ms. Morgan questions to ensure that she had the ability to understand the proceedings and her rights.

2. A copy of the Petition was provided to Ms. Morgan and her counsel, who informed the court they had reviewed the Petition and that Ms. Morgan understood the violations alleged. Ms. Morgan waived reading of the Petition. The court summarized the allegations in the Petition.

3. The court advised Ms. Morgan of her right to a preliminary hearing and its purpose. Ms. Morgan was advised of the rights she would have at a preliminary hearing. Ms. Morgan stated that she wished to waive her right to a preliminary hearing and stipulated that there is a basis in fact to hold her on the specifications of violations of supervised release as set forth in the Petition.

4. The court advised Ms. Morgan of her right to a hearing on the Petition and of her rights in connection with a hearing. The court specifically advised her that at a hearing, she would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against her unless the court determined that the interests of justice did not require a witness to appear.

5. Ms. Morgan, by counsel, stipulated that she committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the** |

**prescription instructions regarding frequency and dosage."**

> On March 17, 2021, the offender submitted a urine sample which tested positive for cannabinoids. Additionally, on April 14, 2022, she provided a urine sample that yielded positive for cannabinoids, amphetamines, cocaine, and fentanyl.
>
> As previously reported to the Court, on December 17, 2020, the offender overdosed in her hotel room requiring medical assistance and administration of Narcan.

6. The court placed Ms. Morgan under oath and directly inquired of Ms. Morgan whether she admitted violation number 1 of her supervised release set forth above. Ms. Morgan admitted the violation as set forth above.

7. The Government orally moved to withdraw the remaining violations, which motion was granted by the court.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Ms. Morgan's criminal history category is IV.

   (c) The range of imprisonment applicable upon revocation of Ms. Morgan's supervised release, therefore, is 12 - 18 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties jointly recommended a sentence of twelve (12) months, and one (1) day with no supervised release to follow. Defendant requested placement at FPC Alderson.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, HOLLY MORGAN, violated the above-specified conditions in the Petition and that her supervised release should be and therefore is **REVOKED,** and she is sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day with no

supervised release to follow. The Magistrate Judge makes a recommendation of placement at FPC Alderson. The Defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Ms. Morgan stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Ms. Morgan entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. § 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Ms. Morgan's supervised release, imposing a sentence of imprisonment of twelve (12) months and one (1) day with no supervised release to follow. The Magistrate Judge makes a recommendation of placement at FPC Alderson. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 5/11/2022

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system